```
                                                                    FILED
                                                             IN CLERK'S OFFICE
UNITED STATES DISTRICT COURT                              U.S. DISTRICT COURT E.D.N.Y.
EASTERN DISTRICT OF NEW YORK                              ★    SEP 28 2018    ★
------------------------------------------------------------X
DAVID CLUTTER,                                               LONG ISLAND OFFICE

                    Plaintiff,
                                                          ORDER
         -against-                                        17-CV-4833 (SJF)(ARL)

WILLIAM B. LONG, as Administrator of the Federal
Emergency Management Agency, ROY E. WRIGHT,
as Deputy Associate Administrator of the Federal
Emergency Management Agency, DAVID I.
MAURSTAD, as Assistant Administrator of the Federal
Emergency Management Agency, MATTHEW BEHNKE,
as Director for Sandy Claims for the Federal Emergency
Management Agency, FEDERAL EMERGENCY
MANAGEMENT AGENCY and WRIGHT NATIONAL
FLOOD INSURANCE COMPANY,

                    Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:
```

Pending before the Court are the objections of plaintiff David Clutter ("plaintiff") to the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated August 31, 2018 ("the Report"), recommending: (i) that the branches of the motion of defendants Federal Emergency Management Agency ("FEMA"); William B. Long, as Administrator of FEMA; Roy E. Wright, as Deputy Associate Administrator of FEMA; David I. Maurstad, as Assistant Administrator of FEMA; and Matthew Behnke, as Director for Sandy Claims for FEMA (collectively, the "Federal Defendants"), seeking dismissal of plaintiff's claims against them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction be granted; and (ii) that the motion of defendant Wright National Flood Insurance Company ("Wright") seeking dismissal of plaintiff's claim against it pursuant to

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted. For the reasons set forth herein, the Report is accepted in its entirety.

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo. See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.   Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erroneously: (i) concluded "that 42 U.S.C. § 4072 does not waive the Federal Defendants' sovereign immunity or provide [him] with a cause of action against Administrator Long on the sole stated ground that FEMA did not issue [his] [flood insurance] policy," (Plaintiff's Objections to the Report ["Plf. Obj."] at 2); (ii) held that he "cannot seek review of FEMA's disallowance of his claim under the APA because 42 U.S.C. § 4072 supplies an 'adequate remedy' to address FEMA's conduct," (*id.* at 4 [citing Report at 16-20]); and (iii) recommended that his claims be dismissed as untimely because he did not file this action within one (1) year of Wright's initial denial of his claim on February 11, 2013. (*Id.* at 4).

A. Waiver of Sovereign Immunity

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay: (i) bases her analysis in the Report "on a false factual finding that 'FEMA did not issue the policy and did not deny the claim,'" (Plf. Obj. at 8 [emphasis omitted] [citing Report at 19]); (ii) erroneously held that the Sandy Claims Review ("SCR") process "is nothing more than an extension of the [administrative] review process set forth in 44 C.F.R. § 62.20(c) (2010)," (*id.* at 3 [brackets in original] [citing Report at 21]; *see also id.* at 12); and (iii) "fail[ed] to give significance to the characteristics that make the SCR 'unprecedented,'" *i.e.*, FEMA's purported ability to "set aside adjustments by the WYOs[1] that had issued the NFIP policies at issue and adjust[] the losses itself." (*Id.* at 11). Furthermore, plaintiff challenges Magistrate Judge Lindsay's reasoning "that because courts have held that . . . administrative appeals [pursuant to 44 C.F.R. § 62.20(c)] are not subject to judicial challenge, neither is FEMA's conduct in the SCR [process]," on the basis that "there are dispositive differences between [those processes] . . . for purposes of triggering a right to sue under Section 4072." (Plf. Obj. at 12). Specifically, plaintiff contends: (i) that while the administrative appeals are "fundamentally appellate [in] nature," (*id.* [quotations omitted]), the SCR process is not, insofar as FEMA "did not simply correct errors in [Wright's] analysis; [it] set it aside completely[] . . . [and] made its own disallowances . . . which trigger[ed] a right of judicial review under Section 4072," (*id.* at 13 [emphasis omitted]); (ii) that while "FEMA required SCR participants to submit new Proofs of Loss as a precondition to payment, . . . [which] is the *sine qua non* of a policyholder's claim under the NFIA," such a

---

1 "WYOs" are private insurers which issue and administer Standard Flood Insurance policies ("SFIP") under the National Flood Insurance Program ("NFIP") created pursuant to the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4127.

3

requirement is "completely absent" from the administrative appeals process, (*id.*); (iii) that "[t]he existence of a JAMS-facilitated neutral review process is another critical element of the SCR [process] that belies its comparison to administrative appeals . . . [since] [t]he fact that FEMA created a process in which its own work was subject to third-party oversight indicates that it was not conducting appellate review[,] . . . but rather making primary and dispositive claim determinations that trigger the NFIA's waiver of sovereign immunity[,]" (*id.* at 14-15); and (iv) that FEMA "accepted full responsibility for the scope and amounts of SCR payments[,] . . . [whereas] [i]n ordinary administrative appeals, [it] assumes no obligations at all." (*Id.* at 15 [quotations, alterations and citation omitted]).

Upon *de novo* review of the Report and all motion papers, and consideration of plaintiff's objections to the Report and the Federal Defendants' responses thereto, plaintiff's objections are overruled and so much of the Report as recommends granting the branch of the Federal Defendants' motion seeking dismissal of plaintiff's breach of contract claim against them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction is accepted in its entirety. "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued [] and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361, 108 L. Ed. 2d 548 (1990) (quotations, alterations and citations omitted). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit[,]" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *see also U.S. v. Navajo Nation*, 556 U.S. 287, 289, 129 S. Ct. 1547, 173 L. Ed. 2d 429 (2009) ("The Federal Government cannot be sued without its consent"), as

4

well as its officers acting in their official capacities. *See Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

"Strictly construed, 42 U.S.C. § 4072 provides a limited right to sue upon the disallowance of all or part of a claim, *i.e.* the complete or partial denial of a claim." *Migliaro v. Fidelity Nat'l Indem. Ins. Co.*, 880 F.3d 660, 666 (3d Cir. 2018); *see also Foster v. Federal Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 723 (E.D.N.Y. 2015). "When FEMA denies claims under an SFIP that it has issued, the injured policyholder may sue FEMA under a limited waiver of sovereign immunity." *Remy v. Hartford Fire Ins. Co.*, No. 13-cv-5666, 2014 WL 6390862, at *1 (E.D. La. Nov. 10, 2014); *accord Kronenberg v. Fidelity Nat'l Ins. Co.*, No. 07-cv-4877, 2008 WL 631277, at * 1 (E.D. La. Mar. 5, 2008). "However, when a WYO issues an SFIP, federal regulations provide that a WYO insurer 'shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.'" *Remy*, 2014 WL 6390862, at *1 (quoting 44 C.F.R. 62.23(g)); *accord Kronenberg*, 2008 WL 631277, at * 1; *see also Mertz v. FEMA, Dep't of Homeland Sec.*, No. 3:10-cv-0260, 2011 WL 3563113, at * 3 (D. Or. Feb. 14, 2011), *report and recommendation adopted*, 2011 WL 3563130 (D. Or. Aug. 10, 2011) ("The private insurers are

5

responsible for 'the adjustment, settlement, payment and defense of all claims arising from polices of flood insurance it issues under the [WYO] Program, based upon the terms and conditions of the Standard Flood Insurance Policy.' 44 C .F.R. § 62.23(d) (2010). The regulations make it clear that in carrying out its functions under the WYO Program, the private insurer 'shall use its own customary standards, staff and independent contractor resources, as it would in the ordinary and necessary conduct of its own business affairs, subject to the Act and [these] regulations,' and that private insurers are not considered agents of the federal government but are 'solely responsible for their obligations to their insurers under any flood insurance policies issued pursuant to arrangements entered into with the Administrator.' 44 C.F.R. § 62.23(f) and (g) (2010). The federal government merely acts as a guarantor of the insurer and pays claims allowed by the insurers, or otherwise found to be due under the policy, from the National Insurance Fund, which is located in the United States Treasury." (brackets in original)).

"In cases involving disputes arising out of a standard flood policy issued by a WYO provider, the WYO insurer, not the federal government, is the only real party of interest and is solely liable for the coverage of the standard policy that it provided." *Remy*, 2014 WL 6390862, at *1; *accord Kronenberg*, 2008 WL 631277; *see also Foster*, 128 F. Supp. 3d at 726 ("[T]he applicable federal regulations consistently state that if a claim is issued under a WYO policy, the WYO Company stands in for FEMA and is the proper party to be sued."); *Mertz*, 2011 WL 3563113, at * 4 (holding that the NFIA "allows a suit against FEMA only when the policy is issued by the Administration. . . . In the context of a policy issued pursuant to the WYO Program, [the Administrator of FEMA] never 'disallows' a claim.") "Accordingly, where a WYO insurance company has handled the claim adjustment and denial process and FEMA was

6

not the decision maker, courts have been clear that the limited waiver of sovereign immunity in § 4072 does not allow an insured to bring a claim against FEMA." *Foster*, 128 F. Supp. 3d at 726 (quotations, alterations and citation omitted).

Notwithstanding their differences, the SCR process, like the process for administrative appeals under 44 C.F.R. § 62.20, merely provides "an optional intermediate level of review" of the insurer's denial or partial denial of a claim asserted under a SFIP, *Mertz*, 2011 WL 3563113, at * 3, and is intended to resolve claim issues, not to grant coverage or limits that are not provided by the SFIP. "In other words, the Administrator [of FEMA] is merely reviewing the final decision of the underlying insurer for errors, not making a claim determination or assuming an obligation under the policy." *Id.*; *see also Foster*, 128 F. Supp. 3d at 726 ("FEMA's role in adjudicating an appeal of a WYO company's denial of coverage does not amount to 'disallowance' sufficient to trigger § 4072's limited waiver of sovereign immunity. FEMA's disposition of an [administrative] appeal . . . constitutes FEMA acting in an administrative review capacity, not as an insurer that denies a claim." (quotations, alterations and citation omitted)).

Since, *inter alia*, plaintiff purchased the SFIP directly from Wright and filed his claim for coverage with Wright; Wright adjusted and partially denied plaintiff's claim; and FEMA did not issue the SFIP and only served in an administrative function to review Wright's partial denial under the SCR process, Magistrate Judge Lindsay correctly found that the limited waiver of sovereign immunity under Section 4072 does not apply to plaintiff's breach of contract claim against the Federal Defendants and that this Court, thus, lacks subject matter jurisdiction over that claim. *See, e.g. Foster*, 128 F. Supp. 3d at 726 ("[C]ourts have found that even when

7

FEMA renders an appeal decision that wholly substitutes a new decisional basis for a private insurer's grounds for nonpayment, that does not constitute a 'disallowance' under § 4072." (quotations, alterations and citation omitted)); *Fowl, Inc. v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, No. 12-cv-283, 2012 WL 1886013, at * 4 (E.D. La. May 23, 2012) ("To sue FEMA, [the plaintiff] would have to demonstrate that FEMA's appeal decision is a claim 'disallowance.' [The plaintiff] cannot make this showing. . . . Th[e] disposition of the appeal constitutes FEMA acting in an administrative review capacity, not as an insurer that denies a claim. . . . [E]ven to the extent FEMA's affirmance on appeal of [the WYO's] decision was based upon a different rationale from that of [the WYO], the appeal decision was not a 'disallowance' of the claim within the meaning of the statute."); *Mertz*, 2011 WL 3563113, at * 5 ("The fact that FEMA reviewed the claim does not turn the WYO Program policy into a policy written by the federal government.") Accordingly, so much of the Report as recommends granting the branch of the Federal Defendants' motion seeking to dismiss plaintiff's breach of contract claim against them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is accepted in its entirety and, for the reasons set forth therein, that branch of the Federal Defendants' motion is granted and plaintiff's breach of contract claim against the Federal Defendants is dismissed in its entirety for lack of subject matter jurisdiction.

B. Judicial Review under the APA

Plaintiff contends that the Report "contradicts itself when it first concludes (erroneously) that 42 U.S.C. § 4072 provides no basis for [him] to challenge FEMA's adjustment of his claim in the SCR [process], and then immediately thereafter finds that he cannot bring a claim under

the APA because 'the NFIA already provides an adequate remedy.'" (Plf. Obj. at 16 [quoting Report at 17]). According to plaintiff, although the Report "acknowledges that FEMA created the SCR [process] 'after the initial review deadline for filing had already passed[,]' . . . it still concludes that Section 4072 provided the exclusive and adequate avenue for judicial review of FEMA's denial of his claim, . . . [and] that his only remedy was to sue on Wright['s] original denial . . . of his claim in 2013, years earlier." (*Id.* at 17 [quoting Report at 19]). Plaintiff further contends: (i) that "FEMA's refusal to process [his] Proof of Loss, to issue the undisputed payment, and to grant him a hearing untainted by due process violations . . . are agency actions that fall within th[e] broad jurisdictional grant [under the APA]," (*id.* at 18); and (ii) that Magistrate Judge Lindsay's "conclusion that his claim should . . . be denied is inconsistent with the statute and with controlling authority from the Supreme Court and the Second Circuit favoring reviewability." (*Id.*).

Upon *de novo* review of the Report and all motion papers, and consideration of plaintiff's objections to the Report and the Federal Defendants' responses thereto, plaintiff's objections are overruled and so much of the Report as recommends granting the branch of the Federal Defendants' motion seeking dismissal of plaintiff's APA claim against them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction is accepted in its entirety. Plaintiff's APA claim arises from the Federal Defendants' alleged refusal to process his proof of loss, to issue payment, and to grant him a fair hearing during the SCR process, *i.e.*, upon the administrative review of the partial denial of his claim by Wright. Accordingly, plaintiff's APA claim is "fundamentally related to the handling of his claim under the SFIP . . . [for] which . . . the remedial mechanisms in the NFIP [are] the exclusive method of

9

redress." *Melanson v. U.S. Forensic, LLC*, 183 F. Supp. 3d 376, 391 (E.D.N.Y. 2016). Accordingly, so much of the Report as recommends granting the branch of the Federal Defendants' motion seeking to dismiss plaintiff's APA claim against them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is accepted in its entirety and, for the reasons set forth therein, that branch of the Federal Defendants' motion is granted and plaintiff's APA claim against the Federal Defendants is dismissed in its entirety for lack of subject matter jurisdiction.

### C. Timeliness of Claim

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay (i) "untenably suggests that he was required to sue by February 2014 in order to challenge a disallowance that did not occur until January 2017," (Plf. Obj. at 19); (ii) misinterpreted his argument "that FEMA's conduct in reopening his claim, setting aside Wright['s] decision, performing a new *tabula rasa* adjustment, and issuing an entirely new decision that disallows different amounts on different grounds in January 2017 independently triggered Section 4072 and created a new one year limitations period to challenge that second disallowance," as seeking to challenge Wright's February 2013 disallowance of his claim and extend the one (1)-year limitations period, (*id.*); and (iii) erroneously "assumed without explanation that FEMA cannot issue an actionable second disallowance on an NFIP claim, [when] nothing in the statute suggests such a limitation." (*Id.* at 20). According to plaintiff, by creating the SCR process "entirely on its own initiative to redress systemic fraud," (*id.* at 23), "FEMA 'reopened' claims and thereby triggered a [new] one year window to sue under Section 4072." (*Id.* at 21-23).

Moreover, plaintiff contends that Magistrate Judge Lindsay's reliance upon the letter

FEMA sent to policyholders announcing the SCR process, which "makes clear that the implementation of the SCR does not extend the statute of limitations," (Plf. Obj. at 23 [quoting Report at 21]), is misplaced because that letter "does not even purport [to] address whether FEMA's adjustment and disallowance of claims in the SCR [process] triggers a new limitations period." (*Id.* at 23). According to plaintiff, "FEMA has no authority to limit judicial oversight that Congress has legislated . . . [or] to circumscribe [his] right to seek judicial review under Section 4072, much less in a letter." (*Id.* at 24).

Furthermore, plaintiff contends that "[a]lthough FEMA took the action that triggered a new limitations period under Section 4072, [its] assumption of responsibility does not absolve Wright [] of its own obligations to [him] or permit this Court to disregard it." (Plf. Obj. at 24). According to plaintiff, since Wright issued his SFIP policy, it "is responsible for issuing any additional payment to [him] that FEMA determines is applicable." (*Id.*).

Upon *de novo* review of the Report and all motion papers, and consideration of plaintiff's objections to the Report and the Federal Defendants' and Wright's responses thereto, plaintiff's objections are overruled and so much of the Report as recommends granting Wright's motion to dismiss plaintiff's breach of contract claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief is accepted in its entirety. Once a denial or partial denial of a claim is issued, thereby triggering the statute of limitations, "reconsideration of that denial or responding to further inquiries about the case has no effect on the running of the limitations period." *Wagner v. Director of FEMA*, 847 F.2d 515, 521 (9th Cir. 1988); *accord Melanson*, 183 F. Supp. 3d at 396. "Only where the Federal Insurance Administrator *expressly and in writing* sets aside the previous disallowance of a plaintiff's claim

11

does a new limitations period commence upon a subsequent denial of the claim." *Wagner*, 847 F.2d at 521 (emphasis added).

Once Wright, as the insurer that issued the SFIP at issue, partially denied plaintiff's claims on February 11, 2013, the limitations period commenced to run and nothing prevented plaintiff from filing his claims challenging such denials in federal court within one (1) year thereof as required by federal law. Absent an express written waiver, FEMA's later decision to review the initial denial under the SCR process and, upon such review, to partially grant some of the previously denied claims, did not restart the limitations period or commence a new limitations period. *See, e.g. Melanson*, 183 F. Supp. 3d at 396-97 (finding that the plaintiff's breach of contract claim was time barred, notwithstanding FEMA's initiation of the SCR process); *Price v. Fugate*, No. 15-cv-0185, 2015 WL 3971273, at * 3 (W.D. Tex. June 30, 2015), *report and recommendation adopted*, 2015 WL 11438690 (W.D. Tex. Aug. 4, 2015) ("Further discussion of the disputed claims, and even further payment of certain disputed amounts, is insufficient to 'restart' or toll the limitations period absent an express written waiver by the Administrator."); *St. Germain Place Owners Ass'n, Inc. v. Texas Farmers Ins. Co.*, No. G-11-071, 2012 WL 2564441, at *2 (S.D. Tex. June 29, 2012) ("Once a WYO carrier triggers the statute of limitations by denying a claim, in whole or in part, the limitations period cannot be reinstated unless the Federal Insurance Administrator expressly and in writing sets aside the [] disallowance of a Plaintiff's claim. . . . Reconsideration of the denial or responding to further inquiries about the claim has no effect on the running of the limitations period. . . . [T]his is true even if the carrier, upon reconsideration, tenders additional, but not full payment of the claim." (quotations, alterations and citations omitted)). Accordingly, so much of the Report as

recommends granting Wright's motion to dismiss plaintiff's breach of contract claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is accepted in its entirety and, for the reasons set forth therein, Wright's motion is granted and plaintiff's breach of contract claim against it is dismissed in its entirety as time-barred.

III. Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, the branches of the Federal Defendants' motion seeking dismissal of plaintiff's claims against them pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure are granted; plaintiff's claims against the Federal Defendants are dismissed in their entirety for lack of subject matter jurisdiction; Wright's motion to dismiss plaintiff's claim against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's breach of contract claim against Wright is dismissed in its entirety with prejudice as time-barred. The Clerk of the Court shall enter judgment in favor of defendants in accordance with this order and close this case.

SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: September 28, 2018
Central Islip, New York